UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILEAD MUTAVA,

                        Plaintiff,

            -against-

UNITED STATES OF AMERICA,

                        Defendant.

25-CV-6362 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this action *pro se*. In addition to his complaint, Plaintiff brings motions captioned for multiple courts, including the District of Columbia, Eastern District of Virginia, Court of Federal Claims, Fourth and D.C. Circuits, the Judicial Panel on Multidistrict Litigation, the United States Supreme Court, and the Southern District of New York.[1] (ECF 8-10.)

By order dated August 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] In his motions, Plaintiff seeks to have his "multi-legal application" processed based on the laws of Kenya, the laws of United Nations, and the laws of United States of America.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff Gilead Mutava resides in Nairobi, Kenya. (ECF 1 at 1.) On April 28, 2020, Plaintiff filed a legal case in the High Court of Kenya, Commercial and Tax Division. (*Id.* at 4.) That action was against the Government of the United States, the President of the United States, the United States of America, Amazon, Berkshire Hathaway, and JPMorgan Chase. Plaintiff contends that, even though respondents in that matter defaulted, the Supreme Court of Kenya and the International Court of Justice did not initiate emergency decrees, as he argues they should have done.

On unspecified dates, unidentified individuals not named as defendants in this action made "brute force attempts to [Plaintif's] parents rented house where [he] reside[s]." (*Id.*) These attempts were followed by Plaintiff's experiencing "abrupt serious health problem[s] on allergic disease which became severe and critical and fatal requiring emergency medical attention." (*Id.*)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. The allegations in the facts section of Plaintiff's complaint are visible only by clicking within the fillable field on the form complaint. (ECF 1 at 4, ¶ III, Statement of Claim).

Plaintiff notes that he has emphasized the need for preliminary rulings in order to address his "emergency healthcare" and his "academic interests." (*Id.*)

Plaintiff references an action that he filed on December 20, 2024, in the U.S. District Court for the District of Columbia.[3] He also notes that he brought a "multi-legal application" in the United States Court of Federal Claims.[4] In addition, Plaintiff states that there were "external legal cases" in the U.S. District Court for the District of Columbia, the U.S. District Court for the Eastern District of Virginia, and the Supreme Court of the United States that threatened his legal rights. These threats to Plaintiff's legal rights prompted him to include the Judicial Panel on Multidistrict Litigation. He contends that no court rules bar "concurrent relevant multi-litigation" across courts, and that the Chief Judges and the Chief Justice of the United States have the power to adopt the rules that he proposes.

Plaintiff continued receiving "awry" decisions from the clerks of the U.S. District Court for the District of Columbia and the Supreme Court of the United States, which diverted him from his legal strategy and consumed his time as he "generally" appealed while "suffering torturously." (*Id.*) Plaintiff has initiated appeals in the U.S. Court of Appeals for the Fourth Circuit and the U.S. Court of Appeals for the D.C. Circuit. In addition, he has asked the Federal Judicial Center to oversee and expedite the administration of justice.

Plaintiff alleges that he has suffered cycles of "unjust death," stating that for the last three years he has survived on a "1:1 ratio food" deficient in minerals and vitamins. Plaintiff suffers

---

[3] *See Mutava v. United States of America*, No. 25-CV-2567 (CJN) (D.D.C. Oct. 17, 2025) (dismissing action on the grounds that the amended complaint's "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8").

[4] *See Mutava v. United States of America*, No. 25-CV-154 (Fed. Ct. Claims Sept. 22, 2025). Plaintiff also brought a second action in this district, which was dismissed as a duplicate of this action. *See Mutava v. United States of America*, No. 25-CV-6594 (S.D.N.Y. Jan. 23, 2026).

daily, with severe damage to his skin, tissues, and internal organs diminishing his lifespan toward "unjust death." (*Id.*) He asserts that, if such death occurs, it would be "murder" by public officers of the courts and by public officers of national administration. He states he remains alive and viable for medicines; that his business ambitions and personal goals are at risk; and that he urgently needs a guarantee of "legitimized justice conclusion." (*Id.*)

Plaintiff invokes the Court's federal question jurisdiction. (*Id.* at 3.) He relies on federal statutes including: (1) 28 U.S.C. § 1407, governing multidistrict litigation; (2) 28 U.S.C. § 1251(b)(3), which grants the U.S. Supreme Court original but not exclusive jurisdiction over cases filed by a state against citizens of another state or foreign nationals; (3) 28 U.S.C. § 1350, the Alien Tort Statute; (4) 28 U.S.C. § 1491(b)(1), granting jurisdiction to the U.S. Court of Claims and federal district courts to hear "bid protests"—that is, lawsuits filed by private contractors challenging the government's bidding process for federal contracts; and (5) 28 U.S.C. § 1291, granting the U.S. Courts of Appeals jurisdiction over appeals from all final decisions of the federal district courts. (*Id.*)

Plaintiff asserts that the amount in controversy exceeds $10 trillion. (*Id.* at 4.) In addition, he requests "emergency preliminary rulings starting with the initial preliminary payments . . . within the next 21 days . . . ." (*Id.*)

## DISCUSSION

### A.    Frivolous Claims

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to

4

entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (dismissing as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is no legal theory on which Plaintiff may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**C.    Warning**

The Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order limiting Plaintiff's ability to bring new actions IFP unless he receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment dismissing this action.

SO ORDERED.

Dated:   MAY 2 8 2026
        New York, New York

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

6